United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOB TRAGNI AND WILLIAM T. BARROW, AS TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 332 HEALTH AND WELFARE AND PENSION TRUST FUNDS, NEBF, JEIF, NECA Service Charge, NECA, Dues Check Off and Apprenticeship Training Trust Funds.<br><br>Plaintiffs,<br>v.<br><br>CARLOS ALBERTO GARCIA MANZANARES, individually and doing business as C & E ELECTRIC.<br><br>Defendant._____ / | NO. CV 11-01173 EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>[RE: Docket Item No. 13] |

**I. INTRODUCTION**

In this ERISA enforcement action, Plaintiffs Bob Tragni and William T. Barrow, in their respective capacities as Trustees of the International Brotherhood of Electrical Workers Local 332 Health and Welfare and Pension Trust Funds, NEBF, JEIF, NECA Service Charge, NECA, Dues Check Off and Apprenticeship Training Trust Funds ("Plaintiffs"), move for an entry of default judgment against Defendant Carlos Alberto Garcia Manzanares, individually and doing business as C & E Electric ("Defendant"). Having reviewed the parties' submissions, the Court finds this matter appropriate for decision without oral argument. Civil L. R. 7-1(b). For the following reasons, the

motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiffs bring this motion for a default judgment against Defendant Carlos Alberto Garcia Manzanares, individually and doing business as C & E Electric. The International Brotherhood of Electrical Workers Local 332 Health and Welfare and Pension Trust Funds, NEBF, JEIF, NECA Service Charge, NECA, Dues Check Off and Apprenticeship Training Trust Funds are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant is an employer as defined in ERISA. (Docket Item No. 1, ¶ 4.)

Plaintiffs allege that "at all times material hereto, there have been in full force and effect collective bargaining agreements covering the wages, hours and conditions of employment of certain employees of the Defendants." (Id. at 5.) The collective bargaining agreement required Defendant to make contributions into certain funds. (Id. at 6.) Defendant allegedly failed to comply with Plaintiffs' demand for payment of contributions reported between September 2010 through March 2011, as well as liquidated damages and interest for delinquent contributions for those months. (Id. at ¶¶ 10-12; Docket Item No. 13 at 2-3.)

Plaintiffs filed this action in March 2011. (See Docket Item No. 1.) Proper service was made and proof of service was filed. (See Docket Item No. 6.) Defendant is not a minor or incompetent person. (See Docket Item No. 7.) Pursuant to Plaintiffs' request, the Clerk entered Defendant's default in June 2011. (See Docket Item No. 10.) Defendant was served with a copy of Plaintiffs' request for entry of default and did not reply. (See Docket Item No. 13.) Nor did defendant respond to the Clerk's notice of entry of default. Defendant has failed to plead, defend, or appear.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the

---

[1] This disposition is not designated for publication in the official reports.

2
NO. CV 11-01173 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (EJDLC4)

1 district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to
2 the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)
3 the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6)
4 whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules
5 of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th
6 Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true,
7 except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th
8 Cir. 1987).

## IV. DISCUSSION

**A.     The Eitel Factors**

Application of each of the Eitel factors favors entry of default judgment against Defendant in this case. First, if the motion were denied, Plaintiffs may be unable to recover and provide the contributions owed to beneficiaries and members of the pension fund. Failure to enter a default judgment therefore would result in prejudice to Plaintiffs.

Second, the Complaint is sufficient to support entry of a default judgment. Judgment by default cannot be entered if the complaint fails to state a claim. See Moore v. United Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004). In the instant action, Plaintiffs claim that defendant violated Section 515 of ERISA by failing to pay contributions pursuant to the terms of the collective bargaining agreement. (Docket Item No. 1 at 2-3.) These allegations are sufficient to state a claim under FRCP 8(a).

Third, the sum of money at stake is relatively small. In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. See Eitel, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). In the instant case, Plaintiffs have asked for a total judgment of $94,858.81. This sum is a far cry from the $2,900,000 sum contemplated in Eitel. Because the sum of money at stake is modest, this factor weighs in favor of entering a default judgment.

Fourth, there is no dispute of material fact. Indications that there is a dispute of material fact

weigh against entry of default judgment. Eitel, 782 F.2d at 1471–72. Here, Defendant has not disputed any of Plaintiffs' contentions, and all material facts pled in the Complaint are verifiable.

Fifth, it is unlikely that default was the result of excusable neglect. This action was filed nearly six months ago and Defendant has been properly served. (Docket Item No. 6.) Defendant is aware of the payment obligations for which he is responsible, individually and doing business as C & E Electric.

Sixth, although federal policy generally disfavors the entry of a default judgment, here all of the Eitel factors weigh in favor of a default judgment. Therefore, the motion to enter default judgment is granted.

**B.    Damages**

Plaintiffs' action is based on the statutory duty provided by ERISA Section 515, which states that an employer who is obligated to make contributions to a multi-employer plan must do so in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145. Section 502(g) of ERISA states that in an action to enforce § 1145, the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Plaintiffs seek interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys fees, and costs in the total amount of $94,858.81. (Docket Item No. 13.) According to our court of appeals:

> Section 1132(g) (2) of ERISA provides that when there is a judgment in favor of an employment benefit trust, the court shall award the trust unpaid contributions, interest on unpaid contributions, liquidated damages in some instances, and reasonable attorney fees. The language "shall award" denotes that such an award is mandatory. While attorney's fees are discretionary in the case of many ERISA claims, we have recognized on numerous occasions that attorney's fees are not discretionary in section 1132(g)(2) cases.

Operating Engineers Pension Trust v. A–C Co., 859 F.2d 1336, 1342 (9th Cir. 1988) (citations omitted). Plaintiffs are therefore entitled to the award of unpaid contributions and interest as well as attorneys' fees and costs.

Additionally, Plaintiffs seek liquidated damages. In order to award statutory liquidated damages in the Ninth Circuit: (1) the fiduciary must obtain a judgment in favor of the plan, (2)

1  unpaid contributions must exist at the time of suit, and (3) the plan must provide for liquidated
2  damages. Once the provision applies, liquidated damages are mandatory. Idaho Plumbers & Pipe
3  Fitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir.
4  1989).

Here, all three requirements for liquidated damages are satisfied. Contributions for the months of September 2010 through March 2011 were unpaid, and remain unpaid to date. (Docket Item No. 13 at 2.) Furthermore, the agreement between Plaintiffs and Defendant provided for liquidated damages. (See Docket Item No. 1, Exhibit 1; Declaration of Sandy Stephenson at 2, Exhibits C and D.) Plaintiffs should, therefore, be awarded liquidated damages in the amount of $6,746.50. Thus, Plaintiffs are entitled to an award of unpaid contributions and interest, liquidated damages, and attorneys' fees and costs in the total amount of $94,858.81.

## V. CONCLUSION

Based on the foregoing, the hearing scheduled for September 2, 2011, is VACATED. Plaintiffs' motion for entry of default judgment is GRANTED in the amount of $94,858.81. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 23, 2011

EDWARD J. DAVILA
United States District Judge